IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| REBEKAH GEORGE,<br><br>Plaintiff,<br><br>v.<br><br>L&J VENTURES, INC. d/b/a SCORPION GRASS; and MCALLISTER INVESTMENT GROUP, LLC,<br><br>Defendant. | 3:26-cv-00123-ACP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>[Dkt. 13] |

Rebekah George sued her former employer, Scorpion Grass cannabis dispensary, after it terminated her employment. She alleges that the company violated Title VII and Alaska's covenant of good faith and fair dealing. (Dkt. 1, 10) Scorpion Grass moved to dismiss, arguing that George failed to allege facts supporting a claim for relief. For the reasons explained below, the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

George is a resident of Alaska and former employee of L&J Ventures, LLC, d/b/a/ Scorpion Grass. (Dkt. 10 at 1) She worked for the company from February 2021 until her termination in December 2024. (Dkt. 1-4; Dkt. 10 at 4)

George first sued Scorpion Grass and McCallister Investment Group in March 2026. (Dkt. 1) Her initial complaint did not make clear the basic facts of her suit. Instead, it broadly asserted that George "experienced unwelcome conduct and a hostile work environment" which escalated after she "reported misconduct and harassment to management." (*Id.* at 2) She also alleged that "[her] unemployment determination indicates

her employment ended because she had a relationship with a co-worker." (*Id.*) She included text messages with her manager allegedly documenting that situation. (Dkt. 1-2 at 7-9) Scorpion Grass moved to dismiss George's complaint arguing that she failed to allege facts supporting her claims. (Dkt. 7) George filed an amended complaint two weeks later. (Dkt. 10)

The amended complaint remains vague, but it makes some facts clearer. George now alleges that Scorpion Grass fired her due to her relationship with the "estranged husband" of her manager. (*Id.* at 4) George alleges that the fallout from this relationship caused her termination. (*Id.*) George claims that this relationship was the source of "personal conflict" with her manager who was once a "close personal friend[]." (*Id.* at 4) In generalized assertions, George alleges that she "experienced escalating workplace conflict involving management and coworkers" that "included intrusive, personal, and emotionally charged interactions." (*Id.* at 2) She also claims that she reported the "ongoing personal and unprofessional conduct" to "Petey Tuitle, a manger and investor," and that she was fired one hour after making that report. (*Id.* at 4-5)

In addition to naming Scorpion Grass as a defendant, George sued McAllister Investment Group as a joint employer. (*Id.* at 1) Scorpion Grass and McAllister moved to dismiss her complaint arguing that it does not state a claim upon which relief can be granted against either entity. (Dkt. 13)

//

//

## II. LEGAL STANDARD

Civil Rule 12(b)(6) permits dismissal when a complaint fails "to state a claim upon which relief can be granted." The rule tests the legal sufficiency of the complaint, not the truth of the underlying factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive, a complaint must contain enough factual matter to state a plausible claim for relief. *Id.* Plausibility requires more than "a sheer possibility that the defendant acted unlawfully." *Id.* Rather, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

At this stage of litigation, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the nonmoving party. *Adams v. U.S. Forest Serv*., 671 F.3d 1138, 1142-43 (9th Cir. 2012). However, legal conclusions and threadbare recitals of a cause of action do not receive the same presumption of truth. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

George brings four claims against her former employer. The first three are based on Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e *et seq*., while the final is based on state law. She alleges that: (1) Scorpion Grass created a hostile work environment; (2) Scorpion Grass fired her as retaliation for her report to Tuitle; (3) Scorpion Grass discriminated against her based on her sex, and; (4) Scorpion Grass terminated her employment in contravention of Alaska's "covenant of good faith and fair dealing." (Dkt. 10 at 4-5)

### A. George fails to state a Title VII claim (Counts I-III).

Title VII prohibits an employer from "discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Thus, to state a claim under Title VII, the plaintiff must plausibly link the challenged employment action to one of these protected characteristics. *See Austin v. Univ. of Oregon*, 925 F.3d 1133, 1138 (9th Cir. 2019); *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998); *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023).

As Scorpion Grass points out, George does not allege that she was subject to a hostile work environment or terminated based on a protected characteristic. Instead, George vaguely asserts that she "experienced escalating workplace conflict involving management and coworkers" and that "[t]he conduct included intrusive, personal, and emotionally charged interactions unrelated to her work duties." (Dkt. 10 at 2) Crucially, George claims that this conflict arose after Scorpion Grass's manager "learn[ed] of Plaintiff's relationship with her estranged husband," and "[t]his personal conflict influenced the termination decision." (*Id.* at 3) And her opposition confirms that "her termination arose from gender-driven dynamics involving her manager, Olivia, and Olivia's estranged husband, Jordan." (*Id.* at 3; Dkt. 14 at 3) Thus, by George's own admission, Scorpion Grass's actions generally stemmed from George's affair with her manager's husband.

Title VII does not prevent an employer from firing an employee when the employee decides to date their supervisor's spouse. *See Maner v. Dignity Health*, 9 F.4th 1114, 1122

(9th Cir. 2021) ("Title VII does not 'prevent employers from favoring employees because of personal relationships . . . as long as [such favoritism] is not based on an impermissible classification'") (quoting *Schobert v. Illinois Dep't of Transp.*, 304 F.3d 725, 733 (7th Cir. 2002)). Rather, an employer discriminates "based on sex . . . 'if changing the employee's sex would have yielded a different choice by the employer.'" *Id.* (quoting *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 659-60 (2020)). As alleged by George, changing her sex would not have yielded a different result; the company reacted negatively to her relationship with her supervisor's spouse. This does not necessarily mean that she faced disparate treatment or harassment based on sex. *See Oncale*, 523 U.S. at 80 (holding that "workplace harassment, even harassment between men and women, is not automatically harassment because of sex" even if there are sexual connotations).[1]

George fails to assert a plausible retaliation claim for the same reason. A retaliation claim requires the plaintiff to prove that they suffered an adverse employment action as a result of engaging in a protected activity. *Lui v. DeJoy*, 129 F.4th 770, 782 (9th Cir. 2025). "An employee engages in protected activity when she opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law." *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). However, if no reasonable person would have believed that the employer's conduct

[1] In addition, George's conclusory statements and assertions of a hostile work environment are not sufficient under the Rule 8 pleading standard. Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, that requires George to assert some facts that show how the workplace was hostile. Bare assertions of "conflict" or "emotionally charged interactions" do not suffice.

violated Title VII, then the employee is not engaging in a protected activity by reporting it. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001).

George failed to allege a "reasonable belief" that her complaint to Tuitle was based on a Title VII violation. George alleges that she "reported workplace misconduct" to Tuitle and that she was filed an hour after making that report. (Dkt. 10 at 2-3) But her filings make clear that the "workplace misconduct" she reported resulted from her decision to date her manager's husband, not her sex. George's argument in opposition – that "[her] report involved conduct she reasonably believed to be improper workplace behavior influenced by gender-related dynamics" – is unavailing. (Dkt. 14 at 4) George's conflict with her boyfriend's wife might be "influenced by gender-related dynamics" in the abstract, but no reasonable person would conclude that she faced discrimination *based on* her gender. *See Oncale*, 523 U.S. at 80. Thus, George fails to allege a Title VII retaliation claim.

Counts I, II, and III fail to state a claim upon which relief can be granted.

**B. George's pleading is insufficient to hold McCallister Investment Group liable.**

In addition to suing Scorpion Grass, George alleges that McCallister is liable as a joint-employer because it "controlled the terms and conditions of [her] employment," and had "termination authority." (Dkt. 10 at 1) McCallister argues that these conclusory statements are insufficient to establish joint-employer liability. (Dkt. 13 at 11) McCallister is correct.

Joint-employer status applies if the putative employer exercises control over the plaintiff's employment. *U.S. Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc.*, 915 F.3d 631, 638 (9th Cir. 2019). This is determined by applying common law agency

principles to determine the extent of control that the entity had over the plaintiff's employment. *Id.* Yet George fails to allege facts indicating that McCallister exerted any control over the terms of her employment or participated in employment-related decisions beyond simply issuing her paychecks. (Dkt. 10 at 1) Absent allegations about how McCallister controlled her employment, it is not possible to draw a reasonable inference that McCallister is liable for the alleged discrimination.

Additionally, "Title VII claimants may sue only those named in the EEOC charge" unless they were involved in the acts that lead to the claims presented to the EEOC or should have anticipated being named in the Title VII suit. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458-59 (9th Cir. 1990). However, George apparently did not name McCallister Group in the EEOC before filing suit. (*See* Dkt. 10-1 at 1) And she did not allege any facts that would show that McCallister either participated in the acts that led to her claims or should have anticipated being named in this suit.

George has not alleged facts to allow a claim against McCallister.

**C. George might theoretically state a claim under Alaska law, but the Court declines to exercise jurisdiction over the issue (Count IV).**

George also brought a state law claiming alleging that Scorpion Grass violated Alaska's covenant of good faith and fair dealing. Every employment contract in Alaska is subject to this implied covenant. *Crowley v. State, Dep't of Health & Soc. Servs.*, 253 P.3d 1226, 1230 (Alaska 2011). "The covenant has two components, a subjective component and an objective component. If an employer breaches either component, the employer breaches the implied covenant." *Id.* (internal citations omitted). "The subjective component

requires proof that 'the employer's termination decision was actually motivated by an improper or impermissible objective—that the decision was actually made in bad faith.'" *Thomas v. State*, 377 P.3d 939, 948 (citing *Crowley*, 253 P.3d at 1230)). "Unwarranted intrusions into employee privacy" can violate the covenant of good faith and fair dealing. *Era Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1139 (Alaska 1999).

Scorpion Grass argues that a claim requires an employer to violate both the objective and subjective components and that George fails to allege facts showing those violations. (Dkt. 9-10) This is not necessarily the case.

First, "[a]n employer can commit *either* an objective *or* subjective breach of the covenant." *Montella v. Chugachmiut*, 283 F. Supp. 3d 774, 779 (D. Alaska 2017) (quoting *Charles v. Interior Reg'l Hous. Auth.*, 55 P.3d 57, 62 (Alaska 2002)). Thus, Scorpion Grass is incorrect that George needs to allege facts showing both an objective and subjective breach.

Second, it is possible that the Alaska state court could conclude that firing an employee because of their personal romantic relationship is an "unwarranted intrusion[] into employee privacy" that violates the covenant. *See Era Aviation, Inc.*, 973 P.2d at 1139. As such, George's allegation that Scorpion Grass fired her due to her relationship with her manager's husband might be sufficient to state a claim. But this is not the proper forum to decide that issue.

A district court may decline supplemental jurisdiction over state law claims where it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). The values of judicial economy, convenience, fairness, and comity all "point toward

declining to exercise jurisdiction over the remaining state law claims" when a court dismisses the federal claims early in a case. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, a state court is better situated to determine whether Scorpion Grass violated Alaska's covenant of good faith and fair dealing because the issue is not squarely decided by existing Alaska case law.

**D. The claims are dismissed without prejudice.**

Scorpion Grass argues that George's claims should be dismissed with prejudice because any additional amendment of the complaint would either repeat the same deficiencies or contradict George's current allegations. (Dkt. 13 at 12-13) George vaguely responds that "[a]dditional factual detail can be provided" to cure the deficiencies. (Dkt. 14 at 6)

"Although leave to amend should be granted freely, denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'" *In re Cloudera, Inc.*, 121 F.4th 1180, 1189 (9th Cir. 2024) (quoting *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023)). And "[a] district court does not abuse its discretion in denying leave to amend where it would have been impossible for the plaintiff to amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'" *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)).

This order dismisses George's Title VII claims because, according to George's own filings, Scorpion Grass took adverse action based on her relationship with her manager's husband instead of her sex. This is not discrimination under Title VII. However, it is

possible for George to amend her complaint to add facts demonstrating that Scorpion Grass discriminated based on sex. Thus, amendment is not necessarily futile.

George has leave to file a second amended complaint. But George's second amended complaint, if filed, must plausibly allege Title VII discrimination. Generalized assertions will not suffice. And repeated failure to assert nonconclusory allegations will warrant dismissal with prejudice. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008); *In re Cloudtera*, 121 F.4th at 1190-91.

## IV. CONCLUSION

George has failed to allege a plausible Title VII claim against Scorpion Grass or McCallister Investment Group. The Court declines to rule whether she alleges a valid state law claim. George's claims are dismissed without prejudice. She may file a second amended complaint if that filing would fix the deficiencies identified in this order. George's second amended complaint is due **October 26, 2026**.

IT IS SO ORDERED.

DATED October 5, 2026, at Anchorage, Alaska.

/s/Aaron Christian Peterson
Aaron Christian Peterson
United States District Judge